IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Aaron Liebelt, | NO. C 09-05867 JW |
|        Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
|   v. | **MOTION TO DISMISS WITH LEAVE TO** |
| | **AMEND** |
| Quality Loan Service Corporation, et al., | |
|        Defendants. | |
| _____/ | |

## I.  INTRODUCTION

Aaron Liebelt ("Plaintiff") brings this action against Quality Loan Service Corporation ("Quality"), EMC Mortgage Corporation ("EMC"), JPMorgan Chase & Company ("JPMorgan"), Wells Fargo Bank ("Wells Fargo"), and Bear Stearns Mortgage Funding Trust ("Bear") (collectively, "Defendants"), alleging, *inter alia*, violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.* Plaintiff alleges that Defendants failed to properly credit certain loan payments and improperly foreclosed on his property.

Presently before the Court is Defendants' Motion to Dismiss.[1]  The Court finds it appropriate to take the matter under submission without oral argument.[2]  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court GRANTS Defendants' Motion as to the federal claims.

---

[1]  (Memorandum of Points and Authorities in Support of Motion to Dismiss Pursuant to Rule 12(b)(6), hereafter, "Motion," Docket Item No. 12.)

[2]  In light of this Order, the parties' Motions to Appear by Telephone are DENIED as moot. (Docket Item Nos. 33, 36.)

**II.  BACKGROUND**

In a Complaint filed on November 19, 2009,[3] Plaintiff alleges as follows:

In 2006, Plaintiff acquired property located at 3231 Cheshire Drive, San Jose, CA. (Complaint ¶ 1).  In 2007, Plaintiff refinanced the subject property, with Defendant Bear serving as the lender.  (Id. ¶ 3.)  Defendant Bear later filed for bankruptcy.  (Id.)  Plaintiff is uncertain of the new owner of the underlying note that Plaintiff signed.  (Id.)  Plaintiff did not receive notice that Defendant Bear substituted a trustee as provided under the deed of trust.  (Id.)

Defendant Bear split the loan into two obligations and provided separate TILA disclosure statements, denying Plaintiff of a clear, concise, and proper summary of the loan terms.  (Complaint ¶ 4.)  Each statement described a portion of the transaction, which deprived Plaintiff of the ability to know the annual percentage rate of the entire transaction.  (Id.)  The initial lender was Defendant Bear, who transferred the loans to unknown assignees identified as Defendant Does 1-5.  (Id.)  The assignees were not holders of the loan.  (Id.)  Plaintiff does not know the identity of the actual new owners of the underlying loan.  (Id.)  Plaintiff made a qualified written request for identity of the actual new owners, but was not supplied with such information.  (Id.)

Plaintiff commenced a Chapter 7 bankruptcy proceeding, which discharged the obligation secured under a second deed of trust.  (Complaint ¶ 5.)  The bankruptcy trustee abandoned any claim as to Plaintiff's action before the Court.  (Id.)

In February 2008—after Plaintiff defaulted on the provisions in the original note secured under the first deed of trust—Defendant EMC delegated some of the servicing responsibilities to Defendant Quality.  (Complaint ¶ 8.)  Both Defendants EMC and Quality were loan servicers.  (Id.)

---

[3]  (Notice of Removal, Ex. A, hereafter, "Complaint," Docket Item No. 1.)

United States District Court

For the Northern District of California

On or about July 30, 2008, a written agreement modified the terms of the loan secured under the first deed of trust.  (Complaint ¶ 6.)  Defendant EMC represented to Plaintiff that its servicing agreement authorized it to modify the mortgage.  (Id.)  Plaintiff relied on Defendant EMC's representation and made all payments required under the agreement.  (Id.)  In 2009, Defendant EMC became a part of Defendant JPMorgan's family of financial companies.  (Id. ¶ 7.)

Defendant Wells Fargo acquired an interest in the first deed of trust and was the owner of the property when Defendant Quality sold the property in a non-judicial trustee sale.  (Complaint ¶ 9.)  Defendant Wells Fargo knew or should have known of Defendant Quality's lack of authority to lawfully conduct the sale.  (Id.)

On the basis of the allegations outlined above, Plaintiff alleges seven causes of action: (1) Breach of Contract; (2) Fraud; (3) Violation of the FDCPA; (4) Violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq*.; (5) Wrongful Foreclosure; (6) Violation of RESPA; and (7) Quiet Title.

### III.  STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief

3

**United States District Court**
For the Northern District of California

1    that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is

2    plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

3    reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129

4    S. Ct. 1937, 1949 (2009).  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory

5    'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a

6    claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

7    Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by

8    amendment.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).

9                                          **IV.  DISCUSSION**

10            As an initial matter, since Plaintiff's federal claims form the basis of the Court's subject

11   matter jurisdiction, the Court addresses them first.  Defendants move to dismiss Plaintiff's causes of

12   action for violation of FDCPA, RESPA, and UCL (based on violations of TILA and RESPA) on the

13   ground that Plaintiff has failed to allege sufficient facts to support these claims.  (Motion at 5.)

14   Plaintiff contends that it has adequately alleged violations of the FDCPA, TILA, and RESPA.[4]  The

15   Court addresses the federal claims in turn.

16   **A.       Third Cause of Action for Violation of FDCPA**

17            Defendants move to dismiss Plaintiff's Third Cause of Action for Violation of the FDCPA

18   on the ground that foreclosure pursuant to a deed of trust is not debt collection under the FDCPA.

19   (Motion at 12-13.)  Plaintiff contends that a foreclosure trustee may be liable for failing to comply

20   with the FDCPA.  (Opposition at 13.)

21            The FDCPA provides a cause of action for consumers who have been subjected to "abusive

22   debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  However, "acts of foreclosing on

23

24

25

26   _____

27        [4]  (Opposition to Motion to Dismiss Pursuant to FRCP 12(b)(6), hereafter, "Opposition,"
     Docket Item No. 18.)

28                                                  4

United States District Court

For the Northern District of California

1   a property pursuant to a deed of trust are not 'debt collection' within the meaning of the FDCPA."[5]

2   Jozinovich v. JP Morgan Chase Bank, N.A., No. C09-03326 THE, 2010 WL 234895, at *6 (N.D.

3   Cal. Jan. 14, 2010) (internal citations omitted); Nera v. Am. Home Mortgage Serv., Inc., No. C-09-

4   2025 RMW, 2009 WL 2423109, at *4 (N.D. Cal. Aug. 5, 2009) (internal citations omitted).

5           Here, Plaintiff alleges:

6               Wells Fargo was the owner of said property when Quality wrongfully, and without
        legal cause sold said property at a non-judicial trustee sale. (Complaint ¶ 9.)  Both Quality
7       and EMC also engaged in false, deceptive and misleading representations in order to
        wrongfully receive money from plaintiff and to collect on the debt by selling plaintiff's
8       home.  (Id. ¶ 20.)

9           Based on the allegations above, the Court finds that Plaintiff has not established that

10  Defendants engaged in "debt collection practices" under the FDCPA.  Plaintiff alleges that

11  Defendants' debt collection practice was the foreclosure on Plaintiff's property.  However, since

12  foreclosure is not a debt collection practice under the FDCPA, Plaintiff cannot state a claim under

13  the FDCPA as a matter of law.

14          Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Third Cause of

15  Action for Violation of the FDCPA.  Since Plaintiff cannot cure this deficiency by amendment, the

16  Court finds that leave to amend is not warranted.

17  **B.      Fourth Cause of Action for Violation of the UCL & Sixth Cause of Action for Violation
        of RESPA**

18
19          Defendants move to dismiss Plaintiff's Fourth Cause of Action for violation of the UCL on

20  the ground that Plaintiff has not established predicate violations of TILA and RESPA.  (Motion at

21  14.)  Plaintiff contends that Defendants violated TILA by failing to credit certain of Plaintiff's

22  _____

23      [5]  The Court recognizes that some courts of appeal have found that foreclosure proceedings
    are attempts to collect debt under the FDCPA.  See Wilson v. Draper & Goldberg, P.L.L.C., 443
24  F.3d 373, 376 (4th Cir. 2006); Kaltenback v. Richards, 464 F.3d 524, 528-29 (5th Cir. 2006).
    However, an overwhelming majority of courts within the Ninth Circuit have held that acts of
25  foreclosure are not debt collection under the statute.  E.g., Kuder v. Washington Mutual Bank, No.
    CIV S-08-3087, 2009 WL 2868730, at *3 (E.D. Cal. Sept. 2, 2009); Ines v. Countrywide Home
26  Loans, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008); Izenberg v.
    ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); Hulse v. Ocwen Fed. Bank, FSB,
27  195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

28                                              5

payments under the repayment plan with EMC.[6]  Plaintiff also contends that Defendants violated RESPA by failing to provide documentation requested by Plaintiff.[7]  The Court addresses each federal statute in turn.

The California UCL prohibits any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200.  The "unlawful" practices prohibited under Section 17200 are any practices forbidden by state and federal laws.  <u>Webb v. Smart Document Solutions, LLC</u>, 499 F.3d 1078, 1082 (9th Cir. 2007); <u>Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.</u>, 178 F. Supp. 2d 1099, 1120 (C.D. Cal. 2001) (citation omitted).  "[S]ection 17200 borrows violations of other laws and treats them as unlawful practices independently actionable."  <u>In re NVIDIA GPU Litigation</u>, No. C 08-04312 JW, 2009 WL 4020104, *11 (N.D. Cal. Nov. 19, 2009).  Thus, "[t]o establish that a business practice is unlawful under the UCL, a plaintiff must show a violation of a statute or regulation."  <u>Schuman v. IKON Office Solutions, Inc.</u>, 232 Fed. Appx. 659, 664 (9th Cir. 2007).

**1.    TILA**

At issue is whether Plaintiff has adequately alleged a violation of TILA.[8]

A complaint is properly dismissed under Rule 12(b)(6) where it is apparent on the face of the pleading that plaintiff's claims are barred by the statute of limitations.  <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980).  This is true even though expiration of the limitations period is an affirmative defense, because Federal Rule of Civil Procedure 9(f) "makes averments of time and place material for the purposes of testing the sufficiency of a complaint."  <u>Suckow Borax Mines Consol. v. Borax Consol.</u>, 185 F.2d 196, 204 (9th Cir. 1951). When a motion to dismiss is based on the running of the statute of limitations, "it can be granted only if the assertions of the complaint,

---

[6] (Complaint at 10; <u>see also</u> Opposition at 15.)

[7] (Complaint at 10-11; <u>see also</u> Opposition at 16-17.)

[8] Plaintiff concedes that his Complaint "fails to specifically request recission" under TILA. (Opposition at 15.)  However, even if Plaintiff were to seek rec under TILA, the Court finds that such claim would be barred by Plaintiff's failure to allege that he tendered or has the ability to tender the amount of the loan.  <u>See Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1171 (9th Cir. 2003).

United States District Court

For the Northern District of California

read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon, 614 F.2d at 682. In contrast, where the statute of limitations question turns on factual issues that may be disputed, the question is more appropriately addressed at a later stage of the proceeding. See id.

The statute of limitations on a claim for damages under TILA is one year. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003). "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).

Here, Plaintiff alleges:

> In 2007, Plaintiff refinanced the subject property, with Defendant Bear serving as the lender. (Complaint ¶ 3.) Both EMC Mortgage and Quality are loan servicers as that term is defined in RESPA [citation omitted] and in TILA [citation omitted]. (Id. ¶ 23.) On information and belief, plaintiff alleges that EMC failed to credit his payments on the date of receipt as required by Regulation Z at § 226.36(c)(1)(i). (Id. ¶ 24.) The violation of said federal statues and implementing regulations constitutes an unfair and deceptive practice which is prohibited by California Business and Professions Code §§17200 et seq. (Id. ¶ 25.)

Based on the allegations above, the Court finds that Plaintiff's claim for TILA damages is time-barred. Since Plaintiff filed his Complaint on November 19, 2009, his TILA damages claim would be timely only if it accrued on or after November 19, 2008. Plaintiff only alleges that he refinanced his property in 2007. The Court finds the allegations insufficient to establish the date of the loan. A claim for TILA damages based on a loan in 2007 would be untimely regardless of the exact date on which the loan was consummated. Moreover, Plaintiff has not alleged any facts that would support tolling the limitations period. Thus, the Court finds that Plaintiff's TILA claim fails as a predicate violation for Plaintiff's UCL claim.

1    Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Fourth Cause of

2 Action to the extent that it is based on a violation of TILA. Since it appears that Plaintiff may cure

3 this defect by amendment, the Court finds that leave to amend is warranted.

4    **2.    RESPA**

5    Plaintiff alleges two RESPA claims, one as a predicate violation of the UCL and the other as

6 a stand alone claim. Defendants move to dismiss both claims the ground that Plaintiff does not

7 allege sufficient facts to establish RESPA violations or actual damages. (Motion at 20.)

8    Section 2605 of RESPA imposes certain disclosure obligations on loan servicers who

9 transfer or assume the servicing of a federally related mortgage loan. 12 U.S.C. § 2605(b); Morris v.

10 Bank of Am., No. C 09-2849 SBA, 2010 WL 761318, at *5 (N.D. Cal. Mar. 3, 2010). A loan

11 servicer who "receives a qualified written request from the borrower (or an agent of the borrower)

12 for information relating to the servicing of such loan" is required to provide the borrower with a

13 written acknowledgment of receipt within twenty days. 12 U.S.C. § 2605(e)(1)(A). A qualified

14 written request  must include "the name and account of the borrower" and "a statement of the

15 reasons for the belief of the borrower, to the extent applicable, that the account is in error or

16 provides sufficient detail to the servicer regarding other information sought by the borrower." 12

17 U.S.C. § 2605(e)(1)(B). A conclusory allegation that a correspondence was a qualified written

18 request is insufficient. Sipe v. Countrywide Bank, No. 09-CV-00798-OWW-DLB, 2010 WL

19 596322, at *10 (E.D. Cal. Feb. 16, 2010); see also Hawkins v. Homecomings Fin., LLC, No. CV

20 09-6544 ODW, 2010 WL 546372, at *3 (E.D. Cal. Feb. 8, 2010).

21    RESPA provides for "any actual damages to the borrower as a result of [a] failure" to follow

22 its provisions. See 12 U.S.C. § 2605(f). "[T]he requirement that plaintiffs plead pecuniary damage

23 is not a mere pleading formality; it is a requirement that has the effect of limiting the cause of action

24 to circumstances in which plaintiffs can show that a failure of notice has caused them actual harm."

25 Allen v. United Fin. Mortgage Corp., No. 09-2507 SC, 2010 WL 1135787, at *5 (N.D. Cal. Mar. 22,

26 2010).

27

28                                                  8

Here, Plaintiff alleges:

>   The initial lender was Bear Stearns Residential Mortgage Corporation. This lender transferred the loans to defendants identified as DOES 1-5. These assignees knew or should have known of all the deficiencies and violations of law summarized in this Complaint. The identity of these actual new owners of the underlying loan is not known to plaintiff. Pursuant to TILA, plaintiff has made a Qualified Written Request for this information.[9] However, it has not been supplied. (Complaint ¶ 4.)

>   [W]ells Fargo, EMC and Quality in refusing documentation requested in plaintiff's Qualified Written Request made through his bankruptcy counsel and continuing to pursue the trustee sale without lawful justification also constitutes an unfair and deceptive business practice which is actionable under California Business and Professions Code §§ 17200 *et seq.* (Complaint ¶ 26.)

>   [L]oan servicers [EMC and Quality] failed to provide Plaintiff a proper and timely notice of the assignment of the servicing rights in the obligation as required by RESPA at 12 U.S.C. § 2605. Said servicers also refused to supply Plaintiff with the identity of the actual owner of the underlying note.
>   (Complaint ¶ 31.)

>   Said failures caused Plaintiff's statutory and general damages . . . . Moreover, Plaintiff was not properly informed of postponements of the trustee sale by the servicer and was blind sided by said sale. This caused the loss of the subject property.
>   (Complaint ¶ 32.)

Based on the allegations above, the Court finds that Plaintiff has not adequately alleged RESPA violations. First, the allegations provide no details about the alleged qualified written request, such as the date it was sent, to whom it was sent, the borrower's name, account number, or reasons for Plaintiff's belief that the account was in error. Without these facts, Plaintiff has not shown a violation of RESPA. Second, Plaintiff fails to adequately allege actual damages as required by law. Plaintiff alleges that his property was sold as a result of Defendants' failure to provide a notice of assignment of servicing rights. However, Plaintiff has not alleged facts showing a causal connection between the failure to notify and the sale of Plaintiff's property. For example, Plaintiff has not alleged facts showing that if he had been notified of the assignment of servicing rights, the

---

[9]  The Court understands "TILA" to be a typo here, since RESPA, not TILA, deals with qualified written requests.

United States District Court

For the Northern District of California

property would not have been sold.  Without such factual allegations, Plaintiff has alleged, but not shown, that he is entitled to the requested relief.[10]

Accordingly, the Court GRANTS Defendants' Motion to Dismiss the Fourth and Sixth Causes of Action for violations of RESPA.  Since it appears that Plaintiff may cure this defect by amendment, the Court finds that leave to amend is warranted.

## V.  CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's Third Cause of Action with prejudice and GRANTS the Motion to Dismiss Plaintiff's Fourth and Sixth Causes of Action with leave to amend.  In light of the Court's dismissal of the federal claims, the Court declines to reach the remaining state law claims at this time.

On or before **May 3, 2010**, Plaintiff shall file his Amended Complaint in accordance with the terms of this Order.

Dated:  April 15, 2010

JAMES WARE
United States District Judge

---

[10]   See Iqbal, 129 S. Ct. at 1949.  Plaintiff has also alleged that Defendants failure to provide "a meaningful toll free number or other means of communicating" resulted in extensive phone bills. (Complaint ¶¶ 31-32.)  However, Plaintiff has not alleged which section of RESPA such conduct violates.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David C. Scott dscott@mccarthyholthus.com
Glenn Lee Moss m-m@pacbell.net
John M. Sorich jsorich@adorno.com
Matthew Edward Podmenik lrodriguez@mccarthyholthus.com
Renee Reyes De Golier rdegolier@mccarthyholthus.com
Sung-Min Christopher Yoo cyoo@adorno.com

**Dated:  April 15, 2010**                    **Richard W. Wieking, Clerk**

                                        **By:    /s/ JW Chambers                **
                                               **Elizabeth Garcia**
                                               **Courtroom Deputy**

United States District Court
For the Northern District of California