Glenn L. Moss (State Bar No. 44307)
Ann Murphy (State Bar No. 66947)
MOSS and MURPHY
1297 B Street
Hayward, CA 94541

Tel 510-583-1155
Fax 510-583-1299

Edward O. Lee [State Bar No. 71623]
152 Anza Street, Suite 101
Fremont, CA 94539

Tel 510-651-0175
Fax 510-659-7969

Attorneys for Plaintiff
AARON LIEBELT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LIEBELT,

    Plaintiff

vs.

QUALITY LOAN SERVICE CORPORATION, EMC MORTGAGE CORPORATION, individually and as JPMORGAN CHASE & CO., WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR4, DOES 1 THROUGH 25.

    Defendants
_____/

NO. C09-05867 JW

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE IMMEDIATE APPEAL ON FDCPA CLAIM UNDER FRCP 54(b) OR OF RECONSIDERATION OF ORDER GRANTING FRCP12b6 MOTION ON THIRD CAUSE OF ACTION; POINTS & AUTHORITIES; DEC. GLEN MOSS
DATE: JUNE 5 2010
TIME: 9:00 A.M. TELEPHONE APPEARANCE REQUEST
COURT: JUDGE WARE

-1-

1   TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on JUNE 5, 2010 AT 9:00
3   A.M.., or as soon thereafter as the matter can be heard
4   in the Courtroom of the Honorable James Ware, at 280 S.
5   First Street, San Jose, CA, AARON LIEBELT will move the
6   Court for the following Orders:

7       1.  For an Order reconsidering the decision of
8   the Court to dismiss the Third Cause of Action which
9   alleges a violation of the Federal Fair Debt Collection
10  Practices Act [FDCPA 15 USC §1692]. Reconsideration of
11  the April 15, 2010 Order is requested since the United
12  States Supreme Court recently decided <u>JERMAN V. CARLISLE,</u>
13  <u>McNELLIE, RINI, KRAMER, & ULRICH LPA</u> [April 21 2010, No
14  08-1200], 559 US___, 2010 DJDAR 5875]. This case
15  concluded that firms enforcing liens on real property
16  must comply with the FDCPA.

17      2.  In the alternative, for an Order allowing an
18  immediate appeal limited to the claims alleged in the
19  Third Cause of Action for violations of the FDCPA. This
20  request is being made pursuant to FRCP 54(b). This claim
21  is independent of the remaining claims and raises an
22  important and distinct question of law. Moreover, the
23  Court acknowledged that all the appellate decisions found
24  that companies foreclosing on mortgage liens are subject
25  to the FDCPA. The Court also acknowledged a split of
26  courts within the Ninth Circuit.

27      Said Motion will be made on the ground that no
28  just cause exists for delaying the appeal on this narrow

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

and distinct issue of law.

Said Motion will be based upon this Notice, the Points and Authorities, the Declaration of Glen L. Moss, and upon the papers, records and documents on file herein, and upon such oral and documentary evidence as may be presented at the hearing thereon.

Dated: April 27, 2010          MOSS & MURPHY

By: _____
Glen L. Moss
Attorney for Plaintiff

**DECLARATION OF GLEN L. MOSS IN SUPPORT OF MOTION TO RECONSIDER OR ALLOW APPEAL ON ORDER DENYING FDCPA CLAIM**

I, Glen L. Moss, declare:

1. I am one of the attorneys representing Aaron Liebelt in this cause. I intend to file a First Amended Complaint that will address the deficiencies found in the federal claims discussed in the Order Granting Defendants' Motion to Dismiss with Leave to Amend. In this connection, the Qualified Written Request alleged in the Complaint was made by the bankruptcy counsel, Eleanor Angeles. I have requested a copy of the document and will attach it to the First Amended Complaint. I also intend to address the other objections raised in the Order Dismissing Complaint under FRCP 12(b)(6).

2. However, no factual objections were found to the allegations in the Third Cause of Action. This claim alleges specific violations of the Federal Fair Debt Collection Practices Act [15 USC §1692]. The Court dismissed this claim on the ground that foreclosing on

-3-

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Hayward, CA. on April 27, 2010.

_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**I**

**FACTUAL SUMMARY**

Quality was retained to foreclose on the lien which Liebelt provided to secure his loan on the subject property. Quality breached its obligations under the FDCPA [Complaint §19, 20, 21].

On April 15, 2010, the Court granted the Motion to Dismiss the FDCPA claim on the ground that foreclosing on a lien is not "debt collection" under the FDCPA. The Court acknowledged that the Fourth Circuit Court of Appeals and the Fifth Circuit Court of Appeals found that foreclosure proceedings are attempts to collect debts under the FDCPA. The Court also recognized that no Ninth Circuit Court of Appeals decision disagreed with the views of the Fourth and Fifth Circuit Courts of Appeals. However, the Court concluded "a majority of courts within the Ninth Circuit have held that acts of foreclosure are not debt collection..."

On April 21, 2010, the United States Supreme Court decided JERMAN V. CARLISLE, McNELLIE, RINI, KRAMER, & ULRICH LPA [April 21 2010, No 08-1200], 559 US____,

-5-

2010 DJDAR 5875]. This case involved a homeowner who filed an FDCPA claim against the firm that was foreclosing on a lien on her home. The Court concluded that the FDCPA applied to the foreclosure efforts and that the "bona fide error" defense in 15 USC §1692(k)(c) did not protect the company from liability for its failure to comply with the FDCPA in connection with its foreclosure activities.

Liebelt filed the instant motion to secure reconsideration of the Dismissal Order or a Certificate of Immediate Appealability under FRCP 54(b).

## II
## THIS IS AN APPROPRIATE CASE FOR AN IMMEDIATE APPEAL OR RECONSIDERATION OF THE ORDER DISMISSING THE FDCPA CLAIM

FRCP 54(b) allows for an appeal of narrow issues in cases such as this one. In particular, the applicability of the FDCPA to foreclosure companies is an important issue. The issue is easily isolated from the balance of the other issues in the lawsuit. This is the only issue which affects Quality Loan Service Corp. Thus, the issue is one which is essentially independent of the other claims raised in the lawsuit.

Thus, there is minimal risk that the appellate court will have to consider the same issue twice. Instead, granting the motion will allow prompt review of a discrete legal issue. This is similar to the situation in Blue Cross v. Smith Kline & Beecham (DDC 2000) 108 Fed Supp 2d 125. This was an ERISA claim. The question was whether one defendant owed a fiduciary duty to plaintiff.

-6-

residential real property liens was excluded from the statute. The Court found that "a majority of courts within the Ninth Circuit have held that acts of foreclosure are not debt collection under the statute" [Footnote 5].

3. A week after the decision of this Court, the United States Supreme Court decided JERMAN V. CARLISLE, McNELLIE, RINI, KRAMER, & ULRICH LPA [April 21 2010, No 08-1200], 559 US____, 2010 DJDAR 5875]. In this case, the respondents represented Countrywide Home Loans, which had a mortgage on property owned by Karen Jerman. Respondents sought to foreclose on the mortgage after Karen Jerman defaulted on her obligation. Ms. Jerman had alleged the foreclosure of her lien by respondents violated the FDCPA. The US Supreme Court agreed.

4. The applicability of the FDCPA to foreclosure proceedings presents an important question of law. It is important that Quality Loan Service Corporation [Quality] recognize that it still has exposure, despite prevailing on its Motion to Dismiss under FRCP 12(b)(6). The only exposure of Quality is for the violation of the FDCPA as alleged in the Third Cause of Action.

5. I request that I be permitted to appear by telephone for any oral argument the Court deems appropriate. I live in north Berkeley and it is almost a two hour drive to downtown San Jose. Thus, it is substantially more convenient for me to appear by telephone.

-4-

The issue was an important one, and was easily isolated from the rest of the lawsuit. Another typical case allowing an immediate, narrow appeal is <u>Johnson v. Mukaser</u> (DDC 2008) 248 FRD 347. This was an employment claim against the federal government and the District of Columbia. The issues directed to each unit were separate and distinct.

It is respectfully requested that the Court either reconsider its decision to dismiss the FDCPA claim or grant Liebelt an immediate appeal of the adverse decision. If the Court elects to grant our FRCP 54(b) motion, we request an appropriate Certificate. This Certificate will explain that this is an important issue affecting literally millions of foreclosures. The majority of courts within the Ninth Circuit are in conflict with the other appellate decisions and the Supreme Court. Thus, the interests of justice will be furthered by permitting an immediate appeal of this narrow issue.

DATED: April 27, 2010.                     MOSS & MURPHY

                                           By _____
                                              Glen L. Moss

x/liebelt.54b