Glenn L. Moss (State Bar No. 44307)
Ann Murphy (State Bar No. 66947)
MOSS and MURPHY
1297 B Street
Hayward, CA 94541

Tel 510-583-1155
Fax 510-583-1299

Edward O. Lee [State Bar No. 71623]
152 Anza Street, Suite 101
Fremont, CA 94539

Tel 510-651-0175
Fax 510-659-7969


Attorneys for Plaintiff
AARON LIEBELT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LIEBELT,

      Plaintiff

vs.

QUALITY LOAN SERVICE
CORPORATION, EMC MORTGAGE
CORPORATION, individually
and as JPMORGAN CHASE &
CO., WELLS FARGO BANK,
NATIONAL ASSOCIATION AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF
STRUCTURED ASSET MORTGAGE
INVESTMENTS II INC. BEAR
STEARNS MORTGAGE FUNDING TRUST
2007-AR4 MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2007-AR4,
DOES 1 THROUGH 25.

      Defendants
_____/

NO.C09-05867 JW
**FIRST AMENDED
COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-1-

1     **Aaron Liebelt alleges:**

2                              **GENERAL ALLEGATIONS**
      **[All causes of action and all defendants]**

3          1.   This Court has jurisdiction over the

4     defendants and the subject matter since the amount in

5     controversy exceeds $25,000.  Moreover, this case also

6     includes a dispute over title to real property at 3231

7     Cheshire Drive, San Jose, California.  Said property is

8     also described as Assessor's Parcel Number 451 09-037 and

9     described with greater particularity on Exhibit A to this

10    Complaint [subject property].  In addition, each of the

11    defendants does business in this judicial district and

12    this lawsuit relates directly to business conducted by

13    said defendants within this judicial district.

14         2. Plaintiff does not know the true names and

15    capacities, whether corporate, associate, or individual,

16    of defendants sued herein as DOE 1 through DOE 25 and,

17    for that reason, has sued said defendants by such

18    fictitious names, and plaintiff prays leave to insert the

19    true names and capacities of said defendants when the

20    same are ascertained.  Plaintiff is informed and

21    believes, and thereon alleges, that each of the

22    defendants designated herein as a DOE claims an interest

23    in the subject property or is responsible in some manner

24    for the events and happenings referred to and by such

25    negligence or other wrongful conduct has proximately

26    caused the wrongful injuries of the plaintiff as herein

27    alleged.

28         3.   In 2006 plaintiff acquired the subject

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-2-

1   property. In 2007 he refinanced the property. Bear

2   Stearns Residential Mortgage Corporation [Bear Stearns]

3   served as a dual agent, representing plaintiff and the

4   lenders, in this refinancing transaction. Bear Stearns

5   has filed bankruptcy. Plaintiff is uncertain of the new

6   owner of the underlying note he signed. Neither did

7   plaintiff ever receive a notice that Bear Stearns had

8   substituted a trustee as provided in paragraph 24 of the

9   deed of trust.

10      4. Bear Stearns structured the loans in such a

11   manner that they violated the California anti-deficiency

12   laws, together with California Business and Professions

13   Code §17200 et seq. In particular, the single refinanced

14   loan was split into two obligations for three purposes:

15   [1] To evade the California anti deficiency laws

16   including Civil Code §726, and 580(b) and 580(d); [2] To

17   enable the actual lender to provide an inherently false

18   and misleading TILA Disclosure Statement. This

19   statement, required under 15 USC §1601 et seq, is

20   supposed to accurately summarize the financial terms of

21   the loan. However, by splitting the loan in two parts

22   and providing separate TILA Disclosure Statements, the

23   lender insured that plaintiff would be denied a clear,

24   concise and proper summary of the loan terms. Each

25   statement described a portion of the transaction, thereby

26   depriving plaintiff of the ability to know the Annual

27   Percentage rate on the entire transaction. Structuring

28   the loan in this manner also is a violation of TILA

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-3-

1   Regulation Z at 12 CFR §226.34(b) and [3] To evade the
2   protections of California Business and Professions Code
3   §17200 and California financial disclosure laws.

4         4.   The initial lender was Bear Stearns
5   Residential Mortgage Corporation.  This lender
6   transferred the loans to defendants identified as DOES 1-
7   5.   These assignees knew or should have known of all the
8   deficiencies and violations of law summarized in this
9   Complaint.  Said assignees were not holders in due
10  course.  The identity of these actual new owners of the
11  underlying loan is not known to plaintiff.  Pursuant to
12  TILA, plaintiff has made a Qualified Written Request for
13  this information.  However, it has not been supplied

14        5.   The obligation secured by a second deed of
15  trust was discharged through a Chapter 7 bankruptcy
16  proceeding commenced by plaintiff in the San Jose
17  Division of the Bankruptcy Court as Action 09-56395.
18  Through this filing, plaintiff prevented defendants from
19  successfully evading the California Anti Deficiency laws
20  by dividing the loan.  However, plaintiff incurred
21  attorney fees and costs related to this bankruptcy filing
22  and these damages should be charged against the assignees
23  of said obligations.  The bankruptcy trustee has
24  abandoned any claim to this lawsuit and plaintiff has
25  standing to pursue this claim.

26        6.   On or about July 30, 2008, the terms of the
27  loan secured by the first deed of trust were modified in
28  a written agreement.  The Agreement is attached to this

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-4-

1   Complaint as Exhibit B and was prepared exclusively by
2   EMC Mortgage Corporation.  At this time, EMC Mortgage
3   Corporation represented to plaintiff that its servicing
4   agreement authorized it to modify said mortgage.
5   Plaintiff relied on said representations and made all the
6   payments as required by the agreement.  In addition,
7   plaintiff continued to make all the payments in the sum
8   specified in the agreement.

9       7.   In 2009 EMC Mortgage Corporation [EMC] became
10  part of the JPMorgan Chase & Co. family of financial
11  companies.  Plaintiff is uncertain whether EMC Mortgage
12  Corporation became a wholly owned subsidiary, such that
13  JP Morgan Chase & Co. is now responsible for the EMC
14  obligations or whether EMC Mortgage Corporation remains a
15  separate, functioning corporation.  Plaintiff prays for
16  leave to amend his complaint to state a claim under the
17  Uniform Fraudulent Conveyances Act [Civil Code §3434 et
18  seq] and related statutes if JPMorgan Chase acquired all
19  the assets without assuming the liabilities or paying the
20  full fair market value for the assets, such that
21  creditors such as plaintiff are not denied their remedies
22  against EMC Mortgage Corporation.

23      8.   In February, 2008 and after plaintiff
24  defaulted on the provisions in the original note secured
25  by a first deed of trust, EMC delegated some of the
26  servicing responsibilities to Quality Loan Service
27  Corporation [Quality].  At all times relevant, both EMC
28  Mortgage Corporation [EMC] and Quality were loan

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-5-

1    servicers under the provisions of RESPA [12 USC §2601 et

2    seq] and the Federal FDCPA [15 USC §1652 et seq]

3    9.    WELLS FARGO BANK, NATIONAL ASSOCIATION AS

4    TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET

5    MORTGAGE INVESTMENTS II INC. BEAR STEARNS MORTGAGE

6    FUNDING TRUST 2007-AR4 MORTGAGE PASS THROUGH

7    CERTIFICATES, SERIES 2007-AR4 [Wells Fargo] acquired an

8    interest in the first deed of trust created by Bear

9    Stearns Mortgage Company.  Wells Fargo was the owner of

10   said property when Quality wrongfully, and without legal

11   cause sold said property at a non-judicial trustee sale.

12   Wells Fargo knew, or reasonably should have known of

13   Quality's lack of authority to lawfully conduct said

14   sale.  Wells Fargo now holds said title as constructive

15   trustee for plaintiff.  Wells Fargo never acquired any

16   interest in the underlying note executed by plaintiff.

17   **FIRST CAUSE OF ACTION**
     **[Breach of contract: Against EMC Mortgage]**

18   10.    Plaintiff incorporates by reference all the

19   allegations in paragraphs 1 through 9, inclusive, as if

20   set forth in full.

21   11.    EMC breached the contract attached as

22   Exhibit B to this Complaint.  In particular, EMC took all

23   the payments from plaintiff and failed to rescind the

24   Notice of Default recorded in February, 2009.  Moreover,

25   EMC Mortgage then caused the home to be sold at a trustee

26   sale, despite the absence of any actual default on the

27   obligation and full performance of said obligation by

28   plaintiff.  All of said conduct breached the agreement

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-6-

1   and constituted a breach of the implied covenant of good

2   faith and fair dealing.

3         12.   The breach of said contract by EMC caused

4   plaintiff substantial damages.  These damages include the

5   loss of the subject property, reasonable attorney fees to

6   defend against a wrongful unlawful detainer action and to

7   prosecute this action, preventing plaintiff from

8   refinancing by wrongfully failing to rescind the notice

9   of default despite full performance of the revised

10  agreement for well over a year and the loss of the money

11  paid to EMC pursuant to said agreement.  All of these

12  damages were reasonably foreseeable by EMC Mortgage.

### SECOND CAUSE OF ACTION
### [Fraud: Against EMC]

15        13.   Plaintiff incorporates by reference all the

16  allegations in paragraphs 1 through 12, inclusive, as if

17  set forth in full.

18        14.   EMC had no intention of honoring the

19  agreement attached as Exhibit B when it was presented to

20  plaintiff.  Instead, EMC Mortgage fraudulently induced

21  plaintiff to accept said agreement as an alternative to

22  refinancing the obligation or selling the property.   In

23  addition, EMC intentionally failed to credit plaintiff

24  with his timely payments as required by law and then

25  caused the property to be sold at a non-judicial trustee

26  sale.

27        15.   Plaintiff relied on the false promises of

28  the unidentified employee of EMC Mortgage who explained

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-7-

1  the agreement to him. Said reliance was reasonable since
2  EMC was servicing this loan pursuant to the regulations
3  and statutes known generally as RESPA and TILA. Said
4  statutes and implementing regulations prohibit loan
5  servicers such as EMC Mortgage from making false or
6  misleading statements [e.g: TILA Part B regulations
7  promulgated pursuant to 15 USC §1639(1)(2)]. Plaintiff
8  was also deceived into believing that the notice of
9  default was being rescinded as a result of his full
10  performance of the agreement. Instead, EMC caused a
11  secret trustee sale to take place by its agent, Quality.

12  16. Plaintiff sustained substantial damages as
13  set forth herein. Moreover, the conduct of said
14  defendant as set forth is malicious, despicable, and
15  oppressive, justifying an award of punitive and exemplary
16  damages. Said damages should be in a sum sufficiently
17  large to deter said defendant from engaging in such
18  misconduct in the future.

**THIRD CAUSE OF ACTION**
**[Federal fair debt collection practices act: Against**
**Quality and EMC**

17. Plaintiff incorporates by reference all the
allegations in paragraphs 1 through 16, inclusive, as if
set forth in full.

18. Both EMC and Quality are debt collectors as
that term is defined in the federal Fair Debt Collection
Practices Act [FDCPA 15 USC §1692]. In particular, said
companies became servicers of the Bear Stearns obligation
after plaintiff went in default on the obligation. Thus,

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B Street
HAYWARD, CALIFORNIA 94541
(510) 583-1155

1   the exemption of servicers in 15 USC §1692a(6)(F)(iii) is
2   inapplicable.  Plaintiff acknowledges that the Court
3   dismissed this claim on April 15, 2010.  However, on
4   April 21, 2010 the United States Supreme Court issued its
5   decision in <u>Jerman v. Carlisle, McNellie, Rini, Kramer, &</u>
6   <u>Ulrich</u> (No 08-1200), 559 US _____.  This case held that
7   persons foreclosing on a home mortgage lien are subject
8   to the FDCPA and cannot avail themselves of the bona fide
9   error defense.  In light of this decision, plaintiff
10  immediately filed a Motion for Reconsideration and/or
11  Certificate of Appealability under FRCP 54(b) [Doc. 39
12  filed April 27, 2010].  The Court has not ruled on this
13  motion.  Thus, the Order dismissing this claim is not
14  final as of the day the First Amended Complaint has to be
15  filed.  Plaintiff assumes this Court will grant his
16  motion for reconsideration, thereby making this claim
17  viable again.  For this reason, we leave this claim in
18  the First Amended Complaint.

19        19.  Quality was retained by EMC as a sub-
20  servicer for the purpose of handling the non-judicial
21  foreclosure of the subject property.  Quality breached
22  its obligations as a foreclosing sub-servicer by failing
23  to provide plaintiff a Debt Validation Notice.  Quality
24  also failed to permit plaintiff 30 days to contest the
25  existence of the default prior to conducting a trustee
26  sale.

27        20.  Both Quality and EMC also engaged in false,
28  deceptive and misleading representations in order to

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-9-

1  wrongfully receive money from plaintiff and to collect on
2  the debt by selling plaintiff's home.  These
3  representations include the following: [A] That the
4  Notice of Default would be rescinded after plaintiff made
5  all the payments identified in the agreement attached as
6  Exhibit B; [B] That the trustee sale would not be
7  postponed more then three times without providing a new
8  written notice of Trustee Sale to plaintiff; [C] That all
9  payments made pursuant to Exhibit B would be promptly and
10  accurately credited towards the payment of the debt; [D]
11  That a new Notice of Default would be recorded if
12  plaintiff promptly made all the payments specified on
13  exhibit B, and later defaulted on his continued payments
14  pursuant to the schedule set forth in Exhibit B; [E] That
15  plaintiff would be provided actual written notice of any
16  scheduled trustee sale.  Instead, defendants noticed the
17  first sale, and postponed it many times contrary to law.
18  Defendants failed to advise plaintiff of the new dates
19  for the trustee sale, and failed to notify plaintiff they
20  were holding a trustee sale despite the absence of any
21  default.

22      21.  On information and belief, plaintiff alleges
23  that EMC also reported false information about the debt
24  to Quality.  Said false information included failing to
25  advise Quality of the restructured loan repayment
26  schedule in Exhibit B, and the fact that plaintiff had
27  fully performed on said obligations.  Quality breached
28  its obligation to ask EMC about said agreement and to

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-10-

1   demand some proof of non-performance from EMC.

2

3                        **FOURTH CAUSE OF ACTION**
        **[Unfair and Deceptive Practices Act Violations Against**
                   **EMC Quality and Wells Fargo]**
4
5       22.   Plaintiff incorporates by reference all the

6   allegations in paragraphs 1 through 21, inclusive, as if

    set forth in full
7
        23.   Both EMC Mortgage and Quality are loan
8
    servicers as that term is defined in RESPA [Real Estate
9
    Settlement Procedure Act, 12 USC §2601 and Regulation X
10
    at 24 CFR § 3500.2(b)] and in TILA [per Regulation Z at
11
    §226.36(c)(3)].
12
        24.   On information and belief, plaintiff alleges
13
    that EMC failed to credit his payments on the date of
14
    receipt as required by Regulation Z at §226.36(c)1(i).
15
    Neither of the two exceptions to this regulation applies
16
    since EMC's failure resulted in plaintiff's loss of the
17
    subject property at a trustee sale conducted by EMC's
18
    agent and sub-servicer, Quality.  Quality then breached
19
    its obligations as set forth above.
20
        25.   The violation of said federal statutes and
21
    implementing regulations constitutes an unfair and
22
    deceptive practice which is prohibited by California
23
    Business and Professions Code §17200 et seq.
24
        26.   Plaintiff sustained actual damages from said
25
    unfair and deceptive business practices of said
26
    defendants.  In particular, plaintiff lost his home and
27
    was required to incur substantial attorney fees to defend
28
    himself in an eviction action commenced by Wells Fargo as

                            -11-

1   trustee for unspecified principals.  This conduct of

2   Wells Fargo, EMC and Quality in refusing to provide the

3   documentation requested in plaintiff's Qualified Written

4   Request made through his bankruptcy counsel and

5   continuing to pursue the trustee sale without lawful

6   justification also constitutes an unfair and deceptive

7   business practice which is actionable under California

8   Business and Professions Code §17200 et seq.

9                    **FIFTH CAUSE OF ACTION**
                 **[TILA violation against EMC]**
10       27.   Plaintiff incorporates by reference all the

11   allegations in paragraphs 1-26, inclusive, as if set

12   forth in full.

13       28.   On July 30, 2008 the initial loan was

14   restructured.  The revised loan repayment terms were

15   agreed upon by the creditor actually owning the

16   obligation and who prepared the written agreement and

17   plaintiff.  A copy of the revised loan repayment terms is

18   attached as Exhibit B and incorporated herein.  Part of

19   the consideration for revising the terms of the loan was

20   the failure of defendants to comply with the initial

21   disclosure obligations in TILA.  Instead of rescinding

22   the loan under 15 USC §1635(b), the parties revised the

23   terms to reflect the new terms set forth in Exhibit B.

24   These revised terms reflect the current loan terms which

25   is the subject of this lawsuit.  The assignee owning the

26   loan recognized its potential liability based on 15 USC

27   §1641(f)(1) and related provisions of law.  Plaintiff

28   accepted the revised terms in Exhibit B rather then

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-12-

1   pursue his potential suit for liability.

2          29.   Defendants did not provide plaintiff a new

3   TILA disclosure statement when they provided him the

4   revised terms in Exhibit &. Also, defendants agreed to

5   the rescission of the initial loan repayment terms as

6   part of this new agreement.   Now that defendants have

7   reneged on the agreement, plaintiff should have an

8   opportunity to rescind the revised agreement.   Plaintiff

9   and his girl friend, who also resides in the home, have

10  the combined ability to make an appropriate tender

11  according to the statutory rescission mandate in 15 USC

12  §1635(b).   In particular, they earn about $7,000.00 or

13  more per month.   This is an adequate sum to support the

14  payments for a new loan.

15         30.   Plaintiff fully and timely performed on the

16  obligation as revised in Exhibit B.   However, defendants

17  failed to properly credit plaintiff's payments in a

18  timely manner.   Said failures represent a breach of the

19  creditor's TILA obligations and the servicers' RESPA

20  obligations as set forth in this First Amended Complaint.

21  These violations caused plaintiff sustantial damages that

22  may be recovered under TILA.   Among these damages are the

23  emotional distress caused by the fear of being rendered

24  homeless, despite making all payments in a timely manner;

25  statutory damages; attorney fees; and general damages.

26                        **SIXTH CAUSE OF ACTION**
27       **[Wrongful foreclosure: Against EMC, Quality, and Wells**
                                  **Fargo]**
28
           31.   Plaintiff incorporates by reference all the

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-13-

1   allegations in paragraphs 1 through 30, inclusive, as if
2   set forth in full.

3        32,  Defendants and each of them wrongfully
4   pursued a non judicial trustee sale without lawful
5   justification.  The Paragraph 24 in the Deed of Trust
6   authorized only Bear Stearns to substitute trustees.
7   This provision was ignored, and the substitution of
8   Quality was made by MERS.  At all times relevant, MERS
9   powers to do business in California had been suspended.
10  A copy of the Certificate of Status from the Secretary of
11  State establishing this suspension is attached as Exhibit
12  C.  For all the reasons set forth in this complaint,
13  Quality never became the lawful trustee.  Quality never
14  had the lawful power to execute a trustee deed or any
15  other document which impaired the title of plaintiff in
16  the subject property.  Also, Quality breached the
17  accepted standards of conduct and due diligence in
18  connection with said trustee sale.  For example, Quality
19  proceeded to record the notice of default without first
20  securing the original note from the owner of said note.

21       33.  By virtue of said wrongful trustee sale and
22  execution of the trustee deed, plaintiff has been
23  damaged.  Said damages include the attorney fees required
24  to cancel said documents as well as the fees needed to
25  defend the related unlawful detainer action, and
26  emotional distress based on the fear of being deprived of
27  plaintiff's home and financial ruin.  Quality knew or
28  reasonably should have known it lacked the power to

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-14-

1    pursue this trustee sale.

2
3                    **SEVENTH CAUSE OF ACTION**
                **[RESPA violations: Against EMC and Quality]**

4        34.    Plaintiff incorporates by reference all the

5    allegations in paragraphs 1 through 33, inclusive, as if

6    set forth in full

7        35.    These loan servicers failed to provide

8    plaintiff a proper and timely notice of the assignment of

9    the servicing rights in the obligation as required by

10   RESPA at 12 USC §2605.  Said servicers also refused to

11   supply plaintiff with the identity of the actual owner of

12   the underlying note.  In addition, said servicers failed

13   to maintain a meaningful toll free number or other means

14   of communicating with plaintiff.  The number provided was

15   essentially worthless since it was controlled by

16   employees with no authority to actually deal with

17   problems presented by the borrowers and the number had

18   inadequate extensions.  Thus, it was virtually impossible

19   to actually communicate with anyone at all, even a person

20   without any authority to provide assistance.  Also, the

21   servicers failed to timely and properly credit plaintiff

22   with all the payments he made.

23       36.    Said failures caused plaintiffs statutory

24   and general damages.  Said general damages include the

25   attorney fees plaintiff incurred to defend a foreclosure

26   which was initiated and continued through the trustee

27   sale because the payments were not properly credited to

28   plaintiff's account.  In addition to these attorney fees,

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-15-

1   plaintiff may lose his home because of these failures by
2   the servicers. The servicer failed to explain why
3   plaintiff's payments were not credited as provided by
4   law. Moreover, plaintiff was not properly informed of
5   postponements of the trustee sale by the servicer and was
6   blind sided by said sale. This caused the loss of the
7   subject property

8      37. Plaintiff provided a Qualified Written
9   Request [QWR] which is attached as Exhibit D. This QWR
10   was ignored by the servicers, who refused to deal with
11   plaintiff or his bankruptcy counsel who prepared the QWR.
12   Plaintiff believed the servicer's account was in error
13   because he had made his payments in a timely manner and
14   for the full amount required by Exhibit B. He had
15   Western Union receipts to prove the actual wire transfers
16   were all made in a timely manner. The QWR was provided
17   to all the defendants by his prior counsel in an effort
18   to reach someone with authority to correct the problem.
19   The QWR identifies the loan numbers and plaintiff had no
20   reason to believe any other account number covered his
21   loans.

22      38. There is a causal relationship between loss
23   of the home, the attorney fees related to the bankruptcy
24   and this action, and the RESPA violations by the loan
25   servicers. In particular, these failures prevented
26   plaintiff or his prior lawyer from correcting the
27   accounting errors since they had no access to anyone with
28   authority to actually review the Western Union wire

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-16-

1  transfer receipt which conclusively established prompt,

2  timely and full payment of all obligations.  Presumably,

3  once the servicers actually reviewed this evidence, they

4  would have rescinded the Notice of Default and Notice of

5  Trustee Sale.

### EIGTH CAUSE OF ACTION
### [Quiet title: Against Wells Fargo]

8      39.    Plaintiff incorporates by reference all

9  the allegations in paragraphs 1 through 38, inclusive, as

10  if set forth in full.

11     40.    Plaintiff remains the lawful owner of the

12  subject property and Wells Fargo failed to secure title

13  by virtue of the trustee deed executed by Quality.  Wells

14  Fargo knew or should have known said sale was void since

15  Quality lacked authority to conduct it or serve as

16  trustee.

17     41.    Plaintiff is entitled to a decree canceling

18  the trustee deed in favor of Wells Fargo and declaring

19  plaintiff the true owner of the subject property.  Said

20  title should be subject only to the first lien in favor

21  of Bear Stearns or its assignee as modified by the

22  payment schedule set forth in Exhibit B.  Moreover, this

23  payment schedule should be formally declared to continue

24  until the expiration of the loan unless further modified

25  by the owner of the note or its agent and plaintiff by

26  another written instrument.

27     WHEREFORE PLAINTIFF PRAYS FOR A JUDGMENT AGAINST

28  DEFENDANTS AND EACH OF THEM AS FOLLOWS:

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-17-

1      1.   For a decree of quiet title declaring
2   plaintiff the sole owner of the subject property subject
3   only to a first lien which has been modified as set forth
4   herein.

5      2.   For an order canceling the trustee deed from
6   Quality to Wells Fargo as Grantee.

7      3.   For statutory damages as provided under
8   RESPA, TILA and the FDCPA.

9      4.   For general damages according to proof

10     5.   For punitive and exemplary damages against
11  EMC for a sum sufficiently large to deter the malicious,
12  despicable and oppressive conduct summarized herein.

13     6.   For costs of suit

14     7.   For injunctive relief to prevent defendants
15  from seeking to deprive plaintiff of possession of the
16  subject property pending the resolution of this lawsuit.

17     8.   For such other and further relief as the
18  Court deems just and proper.

19  DATED: April 30, 2010                    MOSS & MURPHY

20
                                        By_____
21                                          Glen L. Moss

22  x/liebelt.com

23

24

25

26

27

28
                              -18-

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

## LEGAL DESCRIPTION

DESCRIPTION:

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE CITY OF SAN JOSE, COUNTY OF SANTA CLARA, STATE OF CALIFORNIA:

ALL OF LOT 31, AS SHOWN UPON THAT CERTAIN MAP ENTITLED, "TRACT NO. 4336", WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, ON AUGUST 8, 1967, IN BOOK 226 OF MAPS, AT PAGE 35.

EXCEPTING THEREFROM THE UNDERGROUND WATER OR RIGHTS THERETO WITH NO RIGHTS OF SURFACE ENTRY, AS GRANTED TO SAN JOSE WATER WORKS, A CALIFORNIA CORPORATION, RECORDED ON SEPTEMBER 12, 1967 IN BOOK 7853 OF OFFICIAL RECORDS, PAGE 219.

APN: 851-09-037

EXHIBIT A



## EMC
800 State Highway 121 Bypass
Lewisville, TX 75067-4180

# FAX COVER SHEET

## Loss Mitigation Division

Phone    888-577-4011
PLZ  FAX SIGNED LOST 1PAGE WHATEN?    Fax    949 399 4151
ATTN: Christina Schmetzer

Date:        July 30, 2008
To:          WILMA RE: AARON LIEBELT
Subject:     Personal & Confidential
Fax No:      (650) 652-5701
Company:
Phone:
No. of Pages (including cover sheet):    5

Sign the last page & fax back to # listed above, please reference to my Transfer Control #

Message:     QUICK COLLECT FORM
             WESTERN UNION
             CODE CITY: EMC
             CODE STATE: TEXAS
             ATTN: LOSS MITIGATION
             INCLUDE LOAN #

Foreclosure

Sale Date 8/6/8

EXHIBIT B

08/05/2005 15:41 FAX   949 737 5926     ENCORE CREDIT-karen     ☑002/005

Date: July 30, 2008      **Repayment Agreement**     Loan Number:   0017638784

In consideration of the Lender's forbearance of its right to pursue its remedies for default for failure to make payments when due on a loan currently serviced by EMC Mortgage Corporation ("EMC"), we, the undersigned borrowers, whether one or more, acknowledge and agree to the following terms and conditions:

1. Amounts owed: The following amounts are past due and owing:

| | | | | |
|---|---|---|---|---|
| P&I Payments | @ | 1,643.57 | $ | 1,643.57 |
| P&I Payments | @ | 1,788.83 | $ | 1,788.83 |
| P&I Payments | @ | 1,788.83 | $ | 1,788.83 |
| P&I Payments | @ | 1,788.83 | $ | 1,788.83 |
| P&I Payments | @ | 1,788.83 | $ | 1,788.83 |
| P&I Payments | @ | 1,788.83 | $ | 1,788.83 |
| P&I Payments | @ | 1,788.83 | $ | 1,788.83 |
| P&I Payments | @ | 0.00 | $ | 0.00 |
| P&I Payments | @ | 0.00 | $ | 0.00 |
| Corporate recoverable advances (Attorney Fees/Costs, appraisals, inspections, etc. paid by EMC) | | | $ | 1,251.99 |
| Other misc. fees (Faxes, Deferments, HUD Interest arrearages, if applicable, etc.) | | | $ | 0.00 |
| Accrued Late Charges | | | $ | 410.90 |
| NSF Fees | | | $ | 25.00 |
| Escrow (Advances and Required) | | | $ | |
| Principal Arrearage (HUD) | | | $ | |
| Suspense credit | | | $ | 0.00 |
| Estimated outstanding attorney fees/cost** | | | $ | 0.00 |
| **Accurate foreclosure invoices will be billed upon completion of this repayment plan. | | | $ | 3,500.00 |
| | | | $ | |
| TOTAL arrearages good through | | | $ | 15,685.61 |

2. Payments: We agree to pay the total arrearage of     15,685.61     , by making an initial down payment of     $2,500.00    by Western Union Quick Collect on or before August 2, 2008 . Subsequent payments are due the    10th    of each month in the amount of     $1,325.00    . Payments begin     September 10, 2008 and end     November 10, 2008

Western Union Quick Collect Instructions are as follows:

Pay to:        EMC Mortgage
Code City:      EMC
Code State:     TX

Subsequent payments are to be made by Western Union Quick Collect or by cashiers check, payable to EMC Mortgage, with the loan number written on the check, sent to the following address:

EMC Mortgage Corporation
800 State Highway 121 Bypass
Lewisville, TX 75067-4180

Binding effect: This repayment Agreement is not valid and binding on EMC until EMC has received our signed Repayment Agreement and the initial down payment by the date specified in this paragraph. This repayment agreement

EMC Mortgage Corporation

August 15, 2005

1

Is subject to investor approval

3. **Change in payment amount:** If we have an escrowed loan, we understand that any increases or decreases in the escrow portion of our payments will not be made during the term of this Agreement. Changes will be made after the termination of this Agreement. Upon notification, we will adjust our payment to include the change in the new payment amount. If we have an non-escrowed loan, we know that we remain responsible for all amounts owing under our loan documents including, but not limited to, payments of taxes, insurance, and/or homeowner dues and special/other taxes. In the event that taxes, insurance or dues are delinquent, EMC will advance payment as required to keep the loan documents and our payments will be adjusted accordingly after the termination of this Agreement.

If we have an adjustable rate loan, we understand that the interest rate and/or the monthly payment may periodically reset in the future and that the reset will change this Agreement. Appropriate payment from EMC, we will adjust our payments to include the change in the monthly payment amount.

PARAGRAPH 4 - ARE APPLICABLE ONLY IF CHECKED

4. **Balloon Payments:** This Agreement will not fully cure our default. At the end of this Agreement, our arrearages will be                                    $14,491.30.    We acknowledge the above stated payments include only a portion of the total arrears owed, and that once the Agreement is satisfied, EMC may elect to reinstate the loan or case the default. If the terms of this Agreement are satisfied, EMC may elect to recognize the remaining arrearage at completion at its own discretion. Any advances made during the term of this Agreement will be due in addition to the balloon payment.

5. **Foreclosure sale date:** We know there is a foreclosure sale scheduled for
    August 8, 2005.         If EMC does not receive the initial down payment and signed Repayment Agreement on or before the date specified in Paragraph 2, EMC may proceed with foreclosure without further notice.

6. **Discharged?:** The parties hereto acknowledge that a Chapter/type from a Chapter 7 bankruptcy has been granted to the Borrower prior to the execution of the Agreement and that the Lender (may) (may not) pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not noted to the right to foreclose its lien under applicable circumstances. The parties agree that this consideration given for this Agreement is to the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Agreement as a result of the Borrower's default of its obligations thereunder. Nothing herein shall be construed to be an attempt to collect against the Borrower personally, or an attempt to revive or reaffirm any personal liability.

7. **Manufactured homes:** Our loan documents grant a security interest to the Lender in the manufactured homes owned by us and described in the loan documents. If we allow EMC to enforce remedies, including foreclosure or repossession of the manufactured home upon occurrence of a default, including our failure to make payments as agreed under the Note. This manufactured home is located at:

8. **Hud Arrearage:** We understand that this Repayment Agreement may not include HUD arrearage, including any scheduled principal. However, we understand that these arrearage will remain as part of our overall debt until paid.

EMC Mortgage Corporation

August 15, 2005

@004/005

BUYERS CREDIT Series

9. **FHA:** We acknowledge that at no time during the term of this Agreement can the shrinkage on our loan be equal to or greater than 12 months of PITI (Principal, Interest, Taxes, Insurance) be described if we fail to comply with any terms of this Agreement. We acknowledge and agree to the following.

10. **Borrower's Additional Representations and Acknowledgments.** This Agreement will:

a. Our loan is in default and the default continues to exist until we have fully and completely performed all of the terms of this Agreement. Our loan is not considered reinstated until the total delinquency is paid in full.

b. If the above representations are not REPAYED on or before each NOT late, then Lender will continue with its responsibilities as outlined by the terms of our loan documents, including but not limited to foreclosure, without further notice, a demand. We are aware that any default in this Agreement will lead to a resumption of the foreclosure sale, if such sale is currently pending. If there is a foreclosure sale currently scheduled, the sale will not be cancelled (if state law allows for postponement of the sale). The sale will be considered postponed pursuant to mutual agreement of the parties while this Agreement remains in effect. The foreclosure process as is only placed on HOLD. FORECLOSURE WILL NOT RE-START. If the Borrower defaults under this Agreement, foreclosure proceedings will continue without any additional notice to the Borrower. The foreclosure process will resume from the point prior to the execution of the Agreement.

c. We acknowledge receipt of all notices required by law. Acceleration and/or foreclosure may continue under the notices under the notices of default, acceleration, and/or sale that was previously delivered and/or recorded.

d. Lender has not waived its right to proceed with the existing acceleration or a/or foreclosure by acceptance of partial payments unless and until we make a il payments due under this Agreement by the due dates referenced above. In the event that a summons and complaint for foreclosure have been filed, we understand that service of process shall continue notwithstanding the execution of this Agreement. Upon completion of our cure the Lender will suspend foreclosure activities so long as we comply with all the provisions of this Agreement.

e. During the term of this Agreement, we will not have the benefit of a grace period.

f. Negative credit reporting will continue until all payments due under this Agreement have been paid.

g. Nothing in this Agreement modifies or nullifies the terms of the Note and Deed of Trust/Mortgage, which shall remain in full force and effect.

h. All payments shall first be applied towards principal and interest, then to foreclosure fees and cost, then to repayment of escrow deficits and advances, if any, then any fees due (including but not limited to, late charges, nsf fees, fax fees).

EMC Mortgage Corporation                              August 15, 2005

3

9. FHA: We acknowledge that at no time during the term of this Agreement (a) the arrearage on our loan be equal to or greater than 12 months of PITI (Principal, Interest, Taxes, Insurance).

10. Borrower's Additional Representations and Acknowledgements: This Agreement will not be breached if we fail to comply with any terms of this Agreement. We acknowledge and agree to the following:

   a. Our loan is in default and the default continues to exist until we have fully and completely performed all of the terms of this Agreement. Our loan is not considered reinstated until the total delinquency is paid in full.

   b. If the above-referenced payments are not RECEIVED on or before each due date, the Lender will neither waive any remedies, as outlined in the terms of our loan documents. Providing that we fulfill all further terms, without further notice or demand. We are aware that any default of this Agreement will lead to a resumption of the foreclosure sale, if such sale is currently pending. If there is a foreclosure sale currently scheduled, the sale will not be cancelled (if state law above has postponement of the sale while this Agreement remains in effect. The foreclosure process is only placed on HOLD. FORECLOSURE WILL NOT RE-START. If the Borrower reinstates under this Agreement, foreclosure proceedings will continue without any additional notice to the Borrower. The foreclosure process will resume from the point prior to the execution of the Agreement.

   c. We acknowledge receipt of all notices required by law. Acceleration and/or foreclosure may continue under the notices of default, acceleration, and/or sale that were previously delivered and/or recorded.

   d. Lender has not waived its right to proceed with the existing acceleration, a prior foreclosure by acceptance of partial payments unless and until we make (Payments due under this Agreement by the date dates referenced above). In the event that a summons and complaint for foreclosure have been filed, we understand that service of process shall continue notwithstanding the execution of this Agreement. Upon completion of service the Lender will suspend foreclosure activities so long as we comply with all the provisions of this Agreement.

   e. During the term of this Agreement, we will not have the benefit of a grace period.

   f. Negative credit reporting will continue until all payments due under this Agreement have been paid.

   g. Nothing in this Agreement modifies or ratifies the terms of the Note and Deed of Trust/Mortgage, which shall remain in full force and effect.

   h. All payments shall first be applied towards principal and interest, then to foreclosure fees and cost, then to repayment of escrow deficits and advances, if any, then any fees due (including but not limited to, late charges, nsf fees, fax fees).

EMC Mortgage Corporation

3

August 16, 2005



# State of California
## Secretary of State

CERTIFICATE OF STATUS

ENTITY NAME:

MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.  (MERS)

FILE NUMBER:        C2416221
FORMATION DATE:     05/21/2002
TYPE:               DOMESTIC CORPORATION
JURISDICTION:       CALIFORNIA
STATUS:             SUSPENDED

I, DEBRA BOWEN, Secretary of State of the State of California,
hereby certify:

The records of this office indicate the Secretary of State suspended the
entity's powers, rights and privileges on November 09, 2004, pursuant to
the provisions of the California Corporations Code; the California
Franchise Tax Board suspended the entity's powers, rights and privileges
on December 01, 2005, pursuant to the provisions of the California
Revenue and Taxation Code; and the entity's powers, rights and
privileges remain suspended.



IN WITNESS WHEREOF, I execute this certificate
and affix the Great Seal of the State of
California this day of August 31, 2009.

**DEBRA BOWEN**
**Secretary of State**

Exhibit C

NP-25 (REV 1/2007)                                              OSP 06 99731



Eleanor Tumanang Angeles, Esq
Rey G. Carvacas, Of Counsel
Ivan Abrigo, Administrative Assistant

# ANGELES & ASSOCIATES
ATTORNEYS AT LAW

A Professional Law Corporation
Bankruptcy, Immigration Family Law,
Wills and Trusts and related matters

## AUTHORIZATION TO NEGOTIATE

To whom it may concern:

Please accept this letter as my authorization for ANGELES & ASSOCIATES, PLC, Attorneys at Law, to negotiate, discuss and communicate with my mortgage lender(s) in any and all areas related to my mortgage on the following real property:

Address: 323/ Cheshire Dr.

City: San Jose

Zip: 95118 _____, California

Loan number: 0017638784

Loan number: 0017638792

**Acknowledgment of loan modification services available through a housing counselor or direct contact with lender(s).** I understand that I am compensating the law firm for services that I may be able to obtain at no charge from a housing counselor or by contacting the lender(s) directly. However, despite these available no cost services, I desire that the law firm handle any and all loan modification negotiations on our behalf with our lender(s).

Date 6-11-09

_____
Borrower Signature

Aaron Liebelt
Borrower Name

SSN 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     Date of Birth: 4-9-73

Date: _____

_____
Borrower Signature

_____
Borrower Name

SSN: _____     Date of Birth: _____

2610 Central Avenue, Suite 130  ·  Union City, CA 94587  ·  (510) 487-7475  ·  (510) 487 7275 Facsimile
3013 Hopyard Road, Suite N  ·  Pleasanton, CA 94588  ·  (925) 249-0605
e mail address Angeleslaw@aol.com

Exhibit D

Eleanor Tumaneng Angeles, Esq.
Rey G. Gervacio, Of Counsel
Joan Abrigo, Administrative Assistant



# ANGELES & ASSOCIATES
### ATTORNEYS AT LAW

A Professional Law Corporation
Bankruptcy, Immigration Family Law,
Wills and Trusts and related matters

## DEMAND FOR CERTIFIED COPY OF ORIGINAL LOAN DOCUMENTS

We have retained the Angeles and Associates, PLC Attorney at Law to represent us regarding the below-referenced loan with you.

Real Property:

Address: 3231 Cheshire Dr.
City: San Jose                       State: CA        Zip: 95118
Lender Name: EMC                     Loan Number: 0017638284
Lender Name: _____        Loan Number: 0017638792
SSN: _____                SSN: _____
DOB: _____                DOB: _____

This letter serves as a "Qualified Written Request" under section 6 of the Real Estate Settlement Act (RESPA). We hereby request the following information.

–     Copies of all documents pertaining to the origination of the above-referenced Mortgage Loan. These documents should include, but not limited to, the loan application (Form 1003) the Notice Right to Cancel, the Note, any Adjustable Rate Rider, any and all addendums to the note, any and all Truth in Lending Disclosures Statements, the Good Faith Estimate, the HUD1, any appraisals, and any and all required disclosures and rate sheets associated with this transaction, and any other documents you have which relate to the original mortgage loan transaction.

You mail these documents directly to Angeles and Associates, PLC, Attorney at Law at the below-referenced address, or email to angelesandassociates@gmail.com

Thank you in advance for giving this matter your prompt attention.

_____          _____
Borrower                          Borrower

6-11-69
_____          _____
Date                              Date

2610 Central Avenue, Suite 130  •  Union City, CA 94587  •  (510) 487-7475  •  (510) 487-7275 Facsimile
3015 Hopyard Road, Suite N  •  Pleasanton, CA 94588  •  (925) 249-0605
e-mail address: AngelesLaw@aol.com

Eleanor Nananeng Angeles, Esq
Rey G. Gervacio, Of Counsel
Sally Abrigo, Administrative Assistant



A Professional Law Corporation
Bankruptcy, Immigration Family Law,
Wills and Trusts and related matters

## BANK AND FINANCIAL INSTITUTION
## AUTHORIZATION AND RELEASE FORM

Please accept this letter as my authorization for ANGELES & ASSOCIATES, PLC, Attorneys at Law, to request, obtain and verify any and all bank and/or mortgage loan information on my behalf and my authorization for your bank and/or financial institution to release the requested information and/or verify any/all information.

Real property:

Address: _3231 Cheshire Dr._
City: _San Jose_ ..., California Zip: _95116_
Lender name: _EMC_      Loan number: _0017638784_
Lender name: _EMC_      Loan number: _0017638792_

Date: _6-11-09_

_____
Signature
_Aaron Liebelr_
Name

SSN: _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_      Date of Birth: _9-9-73_

Date: _____

_____
Signature

_____
Name

SSN: _____      Date of Birth: _____

2610 Central Avenue, Suite 130  ·  Union City, CA 94587  ·  (510) 487-7475  ·  (510) 487 7275 Facsimile
3015 Hopyard Road, Suite N  ·  Pleasanton, CA 94588  ·  (925) 249-0605
e-mail address: AngelesLaw@aol.com

Franco Tumaneng Angeles  Esq
Rey C. Gervacio, Of Counsel
Ivan Abrigo, Administrative Assistant



A Professional Law Corporation
Bankruptcy, Immigration Family Law,
Wills and Trusts and related matters

## PLEASE DO NOT CONTACT ME BY TELEPHONE

According to Truth In Lending law, I have the right to request that you, my lender, not contact me by telephone regarding the default status of my loan. I do not wish to speak to any collection agents regarding this account. Any future communication with me should be in writing or if you must speak with someone, please accept this letter as my authorization for ANGELES & ASSOCIATES, PLC, Attorneys at Law, to discuss and communicate with you, my mortgage lender, in any and all areas related to my mortgage on the following real property:

Address: _J231 Cheshire Dr._

City: _San Jose_____, California

Zip: _95118_____

Loan number: _0017638784_____

Loan number: _0017638792_____

Date: _6-11-09_          _____
                        Borrower Signature
                        _Aeron Liebelt_
                        Borrower Name

SSN: _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___    Date of Birth: _9-9-77_

Date: _____     _____
                        Borrower Signature
                        _____
                        Borrower Name

SSN _____       Date of Birth: _____

2610 Central Avenue, Suite 130  -  Union City, CA 94587  •  (510) 487-7478  •  (510) 487-7275 Facsimile
3016 Hopyard Road, Suite N  •  Pleasanton, CA 94588  •  (925) 249-0605
e-mail address: AngelesLaw@aol.com