1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

8
9
10
11

AARON LIEBELT,                                    )       Case No.: 09-CV-05867-LHK
                                                  )
                    Plaintiff,                    )
        v.                                        )
                                                  )
QUALITY LOAN SERVICE CORPORATION,                 )
EMC MORTGAGE CRPORATION,                          )
individually and as JPMORGAN CHASE &              )       CORRECTED[1] ORDER DISMISSING
CO., WELLS FARGO BANK, NATIONAL                   )       FEDERAL CLAIMS WITH PREJUDICE
ASSOCIATION AS TRUSTEE FOR THE                    )       AND REMANDING REMANING
CERTIFICATE HOLDERS OF STRUCTURED )               STATE CLAIMS
ASSET MORTGAGE INVESTMENTS II INC.  )
BEAR STEARNS MORTGAGE FUNDING                     )
TRUST 2007-AR4 MORTGAGE PASS                      )
THROUGH CERTIFICATES, SERIES 2007-                )
AR4, DOES 1 THROUGH 25,                           )
                                                  )
                    Defendants.                   )
                                                  )
_____ )

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Defendants EMC Mortgage Corporation (EMC), JPMorgan Chase & Co., and Wells Fargo

Bank, N.A., as Trustee for the Certificate Holders of Structured Asset Mortgage Investments II Inc.

Bear Stearns Mortgage Funding Trust 2007-AR4 Mortgage Pass-Through Certificates, Series

2007-AR4 (Wells Fargo) (collectively, Defendants) moved to dismiss the First Amended

Complaint in this action.  The parties stipulated to delay briefing and a hearing on this motion in

the hopes that they would settle the case, but no settlement has been reached.  The Court has

---

[1] This Order has been amended to correct a typographical error.  No substantive change has been made.

1

determined that this matter is suitable for decision without oral argument.  *See* Civ. L. R. 7-1(b).

Therefore, the hearing and case management conference set for February 10, 2010 at 1:30 p.m. are

hereby VACATED.  For the reasons set forth below, the Court finds that Plaintiff has failed to state

any federal claim.  Plaintiff's federal claims were previously dismissed with leave to amend.  The

Court concludes that further leave to amend would be futile, and therefore DISMISSES the federal

claims with prejudice, and remands the remaining state claims to the Superior Court for Santa

Clara County.

## I.   PROCEDURAL BACKGROUND

The first complaint in this action was filed November 19, 2009 in the Superior Court for

Santa Clara County.  On December 15, 2009, Defendants removed to this Court.  The Notice of

Removal identified Plaintiff's Truth in Lending Act (TILA, 15 U.S.C. §§ 1601 *et seq*.), Real Estate

Settlement Procedures Act (RESPA, 12 U.S.C. §§ 2601 *et seq*.), and Fair Debt Collection Practices

Act (FDCPA, 15 U.S.C. §§ 1692, *et seq*.) claims as the basis for removal.  The Plaintiff also stated

several claims under California law.  Defendants moved to dismiss the complaint.  Judge Ware, to

whom this case was previously assigned, granted the motion to dismiss as to the federal claims

alleged.

Specifically, Judge Ware dismissed Plaintiff's FDCPA claim because it was based on

foreclosure of the property which is the subject of this action, located at 3231 Cheshire Drive, San

Jose, CA (the Property).  Judge Ware held that "acts of foreclosing on a property pursuant to a deed

of trust are not debt collection within the meaning of the FDCPA."  April 15, 2010 Order at 5.

Judge Ware, finding that no amendment could cure the deficiency, did not grant the Plaintiff leave

to amend this claim.

Judge Ware also dismissed Plaintiff's California Unfair Competition Law (UCL) claim,

which was based on underlying TILA and RESPA violations.  Regarding TILA, Judge Ware found

that Plaintiff's claim for TILA damages appeared to be barred by TILA's one-year statute of

limitations, and that Plaintiff had not sufficiently alleged that the statute should be equitably tolled.

April 15, 2010 Order at 6-7.  Plaintiff was given leave to amend to assert facts to support tolling.

*Id*.

2

1    Finally, regarding RESPA, Judge Ware dismissed Plaintiff's RESPA claim.  He held that

2  Plaintiff had failed to provide sufficient detail regarding his purported Qualified Written Request,

3  and that he failed to sufficiently allege damages due to any RESPA violation.  April 15, 2010

4  Order at 8-9.  Judge Ware granted leave to amend to address these issues.  *Id*. at 10.

5    On April 27, 2010, Plaintiff filed a Motion for Reconsideration, or for Leave to File an

6  Immediate Appeal, regarding dismissal of the FDCPA claim.  Plaintiff claimed that a recent

7  Supreme Court decision, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct.

8  1605 (2010), had materially changed the law regarding the FDCPA such that Plaintiff could state

9  an FDCPA claim based on foreclosure proceedings.  Three days later, on April 30, 2010, Plaintiff

10  filed a First Amended Complaint (FAC).  In the FAC, Plaintiff re-asserted his FDCPA claim.

11  Plaintiff acknowledged that this claim had been dismissed with prejudice, but asserted that he

12  believed his Motion for Reconsideration would be granted and that he would be given the right to

13  re-assert this claim based on the *Jerman* case.

14    On May 28, 2010, Judge Ware denied Plaintiff's Motion for Reconsideration or Leave to

15  File an Immediate Appeal.  Judge Ware held that, contrary to the Plaintiff's contention, the cited

16  authority "present[ed] no material change in the law warranting leave to file for reconsideration.

17  *Jerman* pertained to the narrow issue of whether a law firm that was acting as a debt collector

18  could invoke the 'bona fide error' defense to civil liability under the FDCPA based on a mistake of

19  law, namely, an incorrect interpretation of the legal requirements of the FDCPA.  *See* 130 S. Ct. at

20  1624.  *Jerman* has no bearing here, since the issue before the Court was whether the FDCPA

21  applies to foreclosure efforts."  May 28, 2010 Order at 2-3.

22    On August 2, 2010, this case was reassigned to the undersigned.

23  **II.    LEGAL STANDARD**

24    Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

25  it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the

26  Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl*.

27  *Corp*. *v*. *Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the

28  Plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

3

**United States District Court**
For the Northern District of California

1   unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In deciding whether the Plaintiff has

2   stated a claim, the Court must assume the Plaintiff's allegations are true and draw all reasonable

3   inferences in the Plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

4   However, the court is not required to accept as true "allegations that are merely conclusory,

5   unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536

6   F.3d 1049, 1055 (9th Cir. 2008).  Leave to amend must be granted unless it is clear that the

7   complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't. of Corr.*, 66 F.3d 245,

8   248 (9th Cir. 1995).

9   **III.     FACTUAL BACKGROUND**

10          The facts alleged in the "General Allegations" section of the first complaint and the FAC

11   are identical.  For ease of reference, the Court repeats Judge Ware's recitation of the facts from the

12   previous dismissal order here, with references to the first complaint replaced by references to the

13   FAC:

14              In 2006, Plaintiff acquired property located at 3231 Cheshire Drive, San Jose,
        CA.  FAC ¶ 1.  In 2007, Plaintiff refinanced the subject property, with Defendant
15        Bear serving as the lender.  *Id.* ¶ 3.  Defendant Bear later filed for bankruptcy.  *Id.*
        Plaintiff is uncertain of the new owner of the underlying note that Plaintiff signed.
16        *Id.*  Plaintiff did not receive notice that Defendant Bear substituted a trustee as
        provided under the deed of trust.  *Id.*
17              Defendant Bear split the loan into two obligations and provided separate
        TILA disclosure statements, denying Plaintiff of a clear, concise, and proper
18        summary of the loan terms.  FAC ¶ 4.  Each statement described a portion of the
        transaction, which deprived Plaintiff of the ability to know the annual percentage
19        rate of the entire transaction.  *Id.*  The initial lender was Defendant Bear, who
        transferred the loans to unknown assignees identified as Defendant Does 1-5.  *Id.*
20        The assignees were not holders of the loan.  *Id.*
        Plaintiff does not know the identity of the actual new owners of the underlying loan.
21        *Id.*  Plaintiff made a qualified written request for identity of the actual new owners,
        but was not supplied with such information.  *Id.*
22              Plaintiff commenced a Chapter 7 bankruptcy proceeding, which discharged
        the obligation secured under a second deed of trust.  FAC ¶ 5.  The bankruptcy
23        trustee abandoned any claim as to Plaintiff's action before the Court.  *Id.*  In February
        2008—after Plaintiff defaulted on the provisions in the original note secured under
24        the first deed of trust—Defendant EMC delegated some of the servicing
        responsibilities to Defendant Quality.  FAC ¶ 8.  Both Defendants EMC and Quality
25        were loan servicers.  *Id.*

26          Based on these general allegations, Plaintiff asserts claims for (1) Breach of Contract, (2)

27   Fraud, (3) FDCPA violations, (4) California UCL violations, based on TILA and RESPA

28

4

1  violations, (5) TILA violations, (6) Wrongful Foreclosure, (7) RESPA violations, and (8) Quiet

2  Title.

3      Within the body of certain claims, Plaintiff asserts additional facts. In Plaintiff's seventh

4  claim for RESPA violations, he asserts that he provided a Qualified Written Request (QWR) to

5  EMC and Quality, and he attaches this QWR as Exhibit D. He also asserts that "Plaintiff believed

6  the servicer's account was in error because he had made his payments in a timely manner and for

7  the full amount required by Exhibit B. He had Western Union receipts to prove the actual wire

8  transfers were all made in a timely manner." FAC ¶ 37.

9      Plaintiff's fifth cause of action, the stand-alone TILA claim, was not asserted in the first

10  Complaint. In this claim, Plaintiff alleges that on July 30, 2008 "the initial loan was restructured."

11  FAC ¶ 28. Plaintiff attached a copy of the asserted restructuring agreement as Exhibit B to the

12  FAC. Plaintiff alleges that "part of the consideration for revising the terms of the loan was the

13  failure of defendants to comply with the initial disclosure obligations of TILA. Instead of

14  rescinding the loan under 15 U.S.C. § 1635(b), the parties revised the terms to reflect the new

15  terms set forth in Exhibit B." FAC ¶ 28. Plaintiff further alleges that "Defendants did not provide

16  plaintiff a new TILA disclosure statement when they provided him the revised terms in Exhibit B."

17  FAC ¶ 29. Plaintiff also states that "defendants failed to properly credit plaintiff's payments in a

18  timely manner. Said failures represent a breach of the creditor's TILA obligations and the

19  servicers' RESPA obligations as set forth in this First Amended Complaint." FAC ¶ 30.

20      Plaintiff has not amended or changed his fourth claim for UCL violation based on

21  underlying TILA and RESPA violations in any way. *Compare* Complaint and FAC ¶¶ 22-26.

22  **IV.    ANALYSIS**

23          a.   FDCPA Claim

24      As described above, Judge Ware dismissed plaintiff's FDCPA claim without leave to

25  amend. Plaintiff sought reconsideration of this decision based on the *Jerman* case, and submitted

26  the FAC re-asserting the FDCPA claim before Judge Ware had ruled on the reconsideration

27  motion. Because Plaintiff's Motion for Reconsideration was ultimately denied, however, the Court

28  finds that this claim was not properly pled. Accordingly, the Court does not consider this claim.

Case No.: 09-CV-05867-LHK
CORRECTED ORDER REMANDING CASE

1    Plaintiff's third claim for FDCPA violations was previously dismissed with prejudice, and it

2    remains dismissed with prejudice.

3            b.   RESPA Claim

4            Judge Ware found that Plaintiff had failed to sufficiently allege a QWR under RESPA.  In

5    the FAC, Plaintiff has attached what he alleges is a QWR as Exhibit D.  FAC ¶ 37.  Exhibit D is

6    titled "Demand for Certified Copy of Original Loan Documents."  It lists the Property address, and

7    states that Angeles and Associates, PLC Attorney At Law has been retained "to represent us

8    regarding the below-referenced loan with you."  Below this, Exhibit D states:

9            This letter serves as a 'Qualified Written Request' under section 6 of the Real
             Estate Settlement Act (RESPA) [*sic*].  We hereby request the following
10           information.  Copies of all documents pertaining to the origination of the above-
             referenced Mortgage Loan.  These documents should include, but not limited to,
11           [*sic*] the loan application (Form 1003) the Notice Right to Cancel [*sic*], the Note,
             any Adjustable Rate Rider, any and all addendums to the note, any and all Truth
12           in Lending Disclosures Statements, the Good Faith Estimate, the HUD1, any
             appraisals, and any and all required disclosures and rate sheets associated with
13           this transaction, and any other documents you have which relate to the original
             mortgage loan transaction.

14           As Defendants point out in their Motion to Dismiss, RESPA defines a QWR as a notice that

15   includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the

16   account is in error or provides sufficient detail to the servicer regarding other information sought

17   by the borrower."  12 U.S.C. § 2605(e)(1)(B).  A QWR must seek information relating to the

18   *servicing* of the loan; a request for loan origination documents is not a QWR.  *Patacsil v. Wilshire*

19   *Credit Corp.*, No. 2:09-cv-01660-MCE-KJM, 2010 WL 500466 at *5 (E.D. Cal. Feb. 8, 2010)

20   (finding that request for information "simply relat[ing] to the origination of the loan, not any

21   servicing errors" was not a QWR); *Lima v. Am. Home Mortg. Servicing*, No. C 09-3561 CW, 2010

22   WL 144810 at *3 (N.D. Cal., Jan. 11, 2010) (holding that a request for "documents associated with

23   the loan's origination" is not a QWR under RESPA); *Consumer Solutions REO LLC v. Hillery*, 658

24   F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) ("[t]hat a QWR must address the servicing of the loan,

25   and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan

26   servicer, and not the owner of the loan.").

27

28

Case No.: 09-CV-05867-LHK
CORRECTED ORDER REMANDING CASE

1    The document Plaintiff has identified as the QWR requests only loan origination

2   documents.  Although Plaintiff alleges in his REPSA claim that he "believed his account was in

3   error because he had made his payments in a timely manner and for the full amount . . .," and that

4   "he had Western Union receipts to prove the actual wire transfers were all made in a timely

5   manner," the QWR does not reference this information.  Because a request for loan origination

6   documents does not, as a matter of law, constitute a QWR, Plaintiff has failed to state a claim for a

7   RESPA violation.  *See Patacsil*, 2010 WL 500466 at *5 (dismissing RESPA claims, in part,

8   because alleged request for loan origination documents did not constitute a QWR); *accord Lima*,

9   2010 WL 144810 at *4.  Because Plaintiff was previously provided leave to amend this claim, the

10   Court concludes that further leave to amend would be futile.  Therefore, Plaintiff's seventh claim

11   for RESPA violations is DISMISSED with prejudice.

12          c.   TILA Claim

13          In Plaintiff's first Complaint, he asserted a TILA claim only as a basis for his UCL claim,

14   and sought only damages under TILA.  *See* April 15, 2010 Order at 6, n.8.  In the FAC, Plaintiff

15   has asserted a standalone TILA claim, seeking both damages and rescission.  The Court addresses

16   these allegations in turn.

17              i.   TILA Damages

18          Judge Ware found that Plaintiff's claim for TILA damages was likely barred by TILA's

19   one-year statute of limitations.  15 U.S.C. § 1640(e).  This period may be equitably tolled, but only

20   if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the

21   existence of his claim."  *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled

22   on different grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194 (9th Cir. 2000).  Judge Ware

23   granted Plaintiff leave to amend to allege facts showing that his TILA damages claim could be

24   equitably tolled.

25          Plaintiff has failed to do this.  In the newly-asserted standalone TILA claim, Plaintiff states

26   that "on July 30, 2008 the initial loan was restructured . . . [p]art of the consideration for revising

27   the terms of the loan was the failure of defendants to comply with the initial disclosure obligations

28   of TILA.  Defendants did not provide plaintiff a new TILA disclosure statement when they

7

**United States District Court**
For the Northern District of California

1   provided him the revised terms in Exhibit B.  Also, defendants agreed to the rescission of the initial

2   loan repayment terms as part of this new agreement."  FAC ¶¶ 28-29.  Even if Plaintiff did enter

3   into a new loan for the Property on July 30, 2008 (which Defendants contest), and even if Plaintiff

4   had adequately alleged TILA violations on that date, Plaintiff's complaint was not filed until

5   November 19, 2009, over a year and three months later.  Plaintiff has still failed to assert any

6   reason why, despite the exercise of due diligence, he could not discover the existence of this claim

7   before he filed his complaint.  Accordingly, the Court finds that Plaintiff has failed to address the

8   deficiencies resulting in the dismissal of his TILA damages claim.  Because Plaintiff has already

9   been given leave to amend this claim and has still failed to show that the claim is timely, the Court

10  concludes that further leave to amend would be futile, and DISMISSES Plaintiff's fifth claim for

11  TILA damages with prejudice.

12                          ii.   TILA Rescission

13              Although Plaintiff did not assert a claim for TILA rescission in his first complaint, he has

14  added this plea to the FAC.  However, Plaintiff also alleges that the Property was sold at a non-

15  judicial foreclosure sale and that "Wells Fargo now holds said title as constructive trustee for

16  plaintiff."  FAC ¶ 9.  Wells Fargo has submitted a Request for Judicial Notice (RJN) of a Trustee's

17  Deed Upon Sale.  RJN, Dkt. No. 44 at Ex. 5.  The Deed states that the Property was sold at auction

18  on June 22, 2009, and that Wells Fargo now holds title to the Property.  The Deed was recorded in

19  the Santa Clara County Recorder's Office on June 29, 2009.[2]  The right of TILA rescission expires

20  when a property is sold.  *Meyer v. Ameriquest Mortg. Co.*, 331 F.3d 1028, 1029 (9th Cir. 2003); 12

21  C.F.R. § 226.23(a)(3).  Because it is undisputed that Plaintiff's property has been sold, Plaintiff has

22  no right to TILA rescission.  Plaintiff cannot save this claim through amendment.  Accordingly, the

23  Court DISMISSES Plaintiff's fifth claim for TILA rescission with prejudice.

24                      d.   UCL Claim

25              Although Plaintiff has re-asserted his UCL claim, based exclusively on underlying TILA

26  and RESPA violations, he has not amended the UCL claim itself.  As stated above, the Court has

27  ───────────────
[2] A court "may take judicial notice of matters of public record outside the pleadings." *MGIC Indem.*
28  *Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Accordingly, the Court takes notice of the
    Deed.

Case No.: 09-CV-05867-LHK
CORRECTED ORDER REMANDING CASE

1   found that Plaintiff has failed to state a claim under TILA or RESPA.  Therefore, the Court finds

2   that Plaintiff has likewise failed to state a claim for violation of the UCL.  *Webb v. Smart*

3   *Document Solutions, LLC*, 499 F.3d 1078, 1088 (9th Cir. 2007); *Powell v. Residential Mortg.*

4   *Capital*, No. C 09-04928 JF (PVT), 2010 U.S. Dist. LEXIS 59698 at *25-*26 (N.D. Cal. May 24,

5   2010) (dismissing claims of UCL violations, based on insufficiently-pled RESPA violations).

6   Accordingly, Plaintiffs' fourth claim is DISMISSED with prejudice.

7   **V.       CONCLUSION**

8          The Court has dismissed all of Plaintiff's federal claims with prejudice.  Thus, the only

9   source of original federal jurisdiction has been dismissed from the Complaint.  In this situation, it is

10   within the Court's discretion to exercise supplemental jurisdiction over the remaining claims, or

11   not.  *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866-67 (2009); 28 U.S.C. § 1367(c)

12   ("The district courts may decline to exercise supplemental jurisdiction over a claim under

13   subsection (a) if . . . the district court has dismissed all claims over which it has original

14   jurisdiction . . . .") ."  "[I]n the usual case in which all federal-law claims are eliminated before trial,

15   the balance of factors to be considered under the pendent jurisdiction doctrine —judicial economy,

16   convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

17   remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (U.S. 1988),

18   *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.,* 235 F.3d

19   553, 557 (10th Cir. 2000).  Here, the Court finds that because the federal claims have been

20   eliminated at the pleadings phase, and all the remaining claims are state law claims, it is in the

21   interests of judicial economy, convenience, fairness, and comity to remand the remaining claims.

22   Therefore, this matter is hereby REMANDED to the Superior Court for Santa Clara County.

23          The hearing on the Defendants' Motion to Dismiss and the Case Management Conference,

24   set for February 10, 2011 are hereby VACATED.  The Clerk shall close the file.

25   **IT IS SO ORDERED.**

26

27

28

9

Dated: February 24, 2011

LUCY H. KOH
United States District Judge

Case No.: 09-CV-05867-LHK
CORRECTED ORDER REMANDING CASE

United States District Court
For the Northern District of California