UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AARON LIEBELT, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY LOAN SERVICE CORPORATION, EMC MORTGAGE CRPORATION, individually and as JPMORGAN CHASE & CO., WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR4, DOES 1 THROUGH 25, <br><br> Defendants. | Case No.: 09-CV-05867-LHK <br><br> ORDER DENYING EX PARTE MOTION FOR ENTRY OF JUDGMENT |

On March 7, 2011, Plaintiff filed a proposed order titled: "Judgment in Favor of Quality Loan Service and Order Permitting Immediate Appeal Per FRCP 54(b)." Dkt. No. 72. Plaintiff's counsel subsequently contacted Chambers inquiring about a ruling on his proposed order. Chambers told Plaintiff's counsel that Plaintiff needed to file a noticed motion and suggested a hearing date. Plaintiff disregarded Chambers' instruction, and on March 17, 2011, filed *ex parte* for an entry of judgment in favor of Quality Loan Service Corporation and against Aaron Liebelt.

1

Case No.: 09-CV-05867-LHK
ORDER DENYING EX PARTE MOTION FOR ENTRY OF JUDGMENT

Dkt. No. 73. The decision of whether to enter judgment in favor of Defendant Quality Loan Service Corporation is an important issue on which Defendants should have an opportunity to be heard. Full briefing will also assist the Court in determining this issue on its merits.

Under Civil Local Rule 7-10, "a party may file an *ex parte* motion . . . only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion." Furthermore, "[t]he motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." Liebelt's motion does not cite to a statute, rule, or order which permits the use of an *ex parte* motion in the circumstances at issue here. Therefore, Liebelt's motion is DENIED without prejudice. If Liebelt chooses to refile his motion, he must properly notice and file his motion in compliance with the Federal Rules of Civil Procedure and the Local Rules.[1]

**IT IS SO ORDERED.**

Dated: March 24, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] If Plaintiff is concerned about the time it will take for the Court to resolve his motion, Plaintiff should contact Defendants and request that they file statements of non-opposition to his properly noticed motion. These statements of non-opposition can be filed at any time after Plaintiff notices his motion. In the event that Defendants choose to oppose the noticed motion, the Court encourages the parties to agree to an expedited briefing schedule. If the parties do agree to an expedited briefing schedule, the Court will make every effort to resolve Plaintiff's motion as quickly as possible.

2

Case No.: 09-CV-05867-LHK
ORDER DENYING EX PARTE MOTION FOR ENTRY OF JUDGMENT