UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AARON LIEBELT,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>QUALITY LOAN SERVICE CORPORATION, EMC MORTGAGE CORPORATION, INDIVIDUALLY AND AS JPMORGAN CHASE & CO., WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR4, DOES 1 THROUGH 25,<br><br>　　　　　　Defendants. | Case No.: 09-CV-05867-LHK<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT |

On May 1, 2011, Plaintiff Aaron Liebelt filed a motion seeking entry of final judgment pursuant to FRCP 54(b) in favor of Defendant Quality Loan Service Corporation ("Quality"). This matter was set for hearing on August 11, 2011. Under Civil Local Rule 7-1(b), the Court finds this matter suitable for determination without oral argument and hereby VACATES the August 11, 2011 hearing.

Plaintiff moves for entry of final judgment of his Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. §§ 1692, *et seq.*) claim against Defendants Quality and EMC Mortgage

1
Case No.: 09-CV-05867-LHK
ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT


1  Corporation. This claim had been dismissed with prejudice by Judge Ware, to whom this case was
2  previously assigned, on April 15, 2010. On February 8, 2011, this Court dismissed the remainder
3  of Plaintiff's federal claims with prejudice and remanded the remaining state law claims to the
4  Superior Court for Santa Clara County.
5       Recently, the Ninth Circuit held that a district court's order dismissing all federal claims
6  and remanding the remaining state law claims is a final order for purposes of appeal to the federal
7  courts of appeal under 28 U.S.C. § 1291. *Harmston v. City and County of San Francisco*, 627 F.3d
8  1273, 1278-79 (9th Cir. 2010). In light of *Harmston*, this Court's February 8, 2011 Order
9  dismissing all federal claims and remanding the remaining claims to state court constitutes a final
10 order permitting Plaintiff to seek an immediate appeal from the Ninth Circuit, once a separate
11 document setting forth the judgment is filed or 150 days have passed.[1] *Harmston*, 627 F.3d at
12 1279. Consequently, Plaintiff's motion for entry of judgment in favor of Quality and for
13 permission to seek an immediate appeal is DENIED as moot.
14 **IT IS SO ORDERED.**
15 Dated: July 20, 2011
16                                  LUCY H. KOH
                                 United States District Judge

---

[1] The Court did not issue a separate order of judgment under Federal Rule of Civil Procedure 58(a) when the February 8, 2011 Order was issued. On March 17, 2011, Plaintiff moved ex parte for entry of judgment under Federal Rule of Civil Procedure 54(b). *See* Dkt. No. 72. Because Plaintiff cited no case or rule authorizing determination of a Rule 54(b) motion on an ex parte basis, the Court denied Plaintiff's motion and ordered Plaintiff to file a noticed motion under Rule 54(b). *See* Dkt. No. 74. Plaintiff filed the instant motion (but did not cite the *Harmston* case). When no separate order of judgment is filed after an order disposing of all federal claims, the judgment is considered final 150 days from the date of the order disposing of all federal claims. *Harmston*, 627 F.3d at 1279. In this case, 150 days from February 8, 2011 passed on July 8, 2011. Therefore, the February 8, 2011 Order became appealable on July 8, 2011.